1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRIPLE DIAMOND INVESTMENTS,
LLC,

                    Plaintiff,

          v.

TONKON TORP, LLP, et al.,

                    Defendants.

CASE NO. C15-5594 BHS

ORDER ON DEFENDANTS'
MOTION TO DISMISS

This matter comes before the Court on Defendants Eric Beach, Paul Conable,

Caroline Harris Crowne, Tonkon Torp, LLP, and Steven Wilker's ("Defendants") motion

to dismiss (Dkt. 35). The Court has considered the pleadings filed in support of and in

opposition to the motion and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On July 23, 2015, Plaintiff Triple Diamond Investments, LLC ("Triple Diamond")

served Defendants with a complaint seeking relief alleging attorney malpractice, breach

1  of contract, unjust enrichment, and violations of the Washington Consumer Protection

2  Act, RCW Chapter 19.86 ("CPA").  Dkt. 1, 1-1.

3      On August 21, 2015, Defendants removed the case to this Court based on diversity

4  jurisdiction.  Dkt. 1.

5      On October 12, 2015, Defendants filed a motion to dismiss.  Dkt. 22.  On

6  November 2, 2015, Triple Diamond filed an amended complaint.  Dkt. 26.

7      On November 16, 2015, Defendants filed a motion to dismiss.  Dkt. 35.  On

8  December 14, 2015, Triple Diamond responded.  Dkt. 39.  On December 18, 2015,

9  Defendants replied.  Dkt. 41.

10                          **II. FACTUAL BACKGROUND**

11      This action is based on alleged malpractice in an underlying state court case

12  involving a commercial lease.  Defendants represented Triple Diamond as landlord in a

13  dispute with tenants Dickinson Northwest, Inc. and Scott Dickinson ("Dickinson

14  Lawsuit").  Dkt. 26, ¶¶ 13–15.  Triple Diamond's malpractice allegations generally relate

15  to three categories of acts: (1) charging excessive fees as well as unilaterally increasing

16  attorney hourly rates without notice, (2) failing to adequately prepare for depositions, and

17  (3) failing to assert a claim for damages based on the loss of future rent.  The former two

18  categories of allegations speak for themselves and, for the purposes of the instant motion,

19  do not require further explanation.  The latter allegation, however, is more complicated.

20      Triple Diamond alleges that it instructed Defendants to include the future rent

21  claim in its complaint.  Defendants, however, failed to include the claim in the original

22  complaint and failed to timely file an amended complaint.  After obtaining summary

1  judgment in its favor on liability and, well into the proceeding, Defendants filed a motion

2  for leave to amend the complaint to add the future rent claim.  Dkt. 26, ¶ 46.  On

3  February 11, 2013, the state court issued an order providing as follows:

4          IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to
   Amend its Complaint is denied. The Court finds that the proposed

5  amendment would be unfairly prejudicial to Defendants because the
   proposed amendment follows the granting of summary judgment in favor of

6  Plaintiff on liability, and because the proposed amendment would raise
   different issues and require different witnesses than otherwise would be

7  required, including expert testimony; and that the proposed amendment
   would be futile.

8  Dkt. 33 at 78.  On August 15, 2015, the state court issued a judgment in favor of Triple

9  Diamond.  Dkt. 34 at 76–77.  Triple Diamond did not appeal that judgment.

10  **III. DISCUSSION**

11          Defendants move to dismiss Triple Diamond's negligence, unjust enrichment, and

12  CPA claims.  Dkt. 35.

13  **A.**    **Standard**

14          Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

15  Procedure may be based on either the lack of a cognizable legal theory or the absence of

16  sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Department*,

17  901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the

18  complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301

19  (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed

20  factual allegations but must provide the grounds for entitlement to relief and not merely a

21  "formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v.*

22

1    *Twombly,* 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a

2    claim to relief that is plausible on its face."  *Id.* at 1974.

3    **B.    Negligence**

4          To prove legal malpractice, the plaintiff must show (1) employment of the

5    attorney (giving rise to the duty), (2) failure by the attorney to exercise ordinary skill and

6    knowledge (breach of the duty), (3) proximate cause (causation), and (4) resulting loss to

7    the client (damages).  *Kommavongsa v. Haskell*, 149 Wn. 2d 288, 300 (2003).

8          In this case, Defendants move to dismiss Triple Diamond's legal malpractice

9    claim arguing that Triple Diamond is unable to show causation for the claim of future

10   rents.  First, Defendants request that the Court take judicial notice of pleadings, rulings,

11   and transcripts from the underlying litigation.  Dkt. 35 at 8.  Triple Diamond objects

12   because "Defendants improperly seek to have the Court weigh purported 'evidence'

13   submitted by declaration."  Dkt. 39 at 9.  Not only is this not the test for taking judicial

14   notice of public documents, but Triple Diamond also fails to explain how the Court could

15   "weigh" a judicial ruling, which is the most relevant document.  Regardless, "under Fed.

16   R. Evid. 201, a court may take judicial notice of 'matters of public record.'"  *Lee v. City*

17   *of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. South Bay Beer*

18   *Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  It is undisputed that the pleadings, rulings,

19   and transcripts in the underlying litigation are matters of public record, and Triple

20   Diamond has failed to challenge the authenticity of these documents.  Therefore, the

21   Court will take judicial notice of at least some of these materials, which are specifically

22   identified below.

1    Second, the parties dispute the relevance of the state court's denial of Triple

2  Diamond's motion for leave to amend the complaint.  While Triple Diamond does assert

3  allegations of double billing and ignoring the clients' request, the issue of future rent has

4  been fully and fairly decided.  "Under collateral estoppel, once a court has decided an

5  issue of fact or law necessary to its judgment, that decision may preclude relitigation of

6  the issue in a suit on a different cause of action involving a party to the first case." *Dodd*

7  *v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995).  Collateral estoppel applies

8  where it is established that

9       (1) the issue decided in the prior action is identical to the issue considered
        in the second; (2) the prior adjudication ended in a final judgment on the
10      merits; (3) the party to be estopped was a party or in privity with a party to
        the prior action; and (4) application of collateral estoppel will not work an
11      injustice against the party to be estopped.

12  *Paradise Orchards Gen. P'ship v. Fearing*, 122 Wn. App. 507, 514 (2004) (citation

13  omitted).

14    Although Triple Diamond cites some authority to support its position that

15  collateral estoppel does not apply, its arguments miss the heart of the issue.  With respect

16  to the motion for leave to amend, the state court ruled that "the proposed amendment

17  would be futile."  Dkt. 33 at 78.  Challenging that ruling here is an improper collateral

18  appeal in federal court of a state trial court ruling.  It is true that the state court also

19  denied the amendment based on delay and other prejudicial considerations.  The Court,

20  however, is unable to ignore the conclusion that, under Washington contract law, the

21  relevant lease failed to explicitly state future rent as potential damages.  Thus, it does not

22  matter whether Triple Diamond's attorneys included the claim in the initial complaint or

1  added the claim via an amended complaint because the state court ruled that the claim

2  failed as a matter of law.  "[P]roximate cause boils down to whether the client would

3  have fared better but for the attorney's malpractice."  *Paradise Orchards*, 122 Wn. App.

4  at 514 (citing *Lavigne v. Chase, Haskell, Hayes & Kalamon*, 112 Wn. App. 677, 683

5  (2002).  Defendants have successfully shown that Triple Diamond would not have fared

6  any better absent the malpractice.

7          Finally, Triple Diamond argues that applying collateral estoppel "would be unfair

8  and unjust under the circumstances."  Dkt. 39 at 14.  Contrary to Triple Diamond's

9  assertion, it would be unfair and unjust to relitigate a state court decision that a claim is

10  futile on the merits.  While some circumstances do not require an appeal, such

11  circumstances are not before the Court.  For example, if Triple Diamond had reached a

12  settlement in the underlying action, then it would be more difficult to conclude that but

13  for the alleged malpractice, Triple Diamond would have achieved a different result.

14  Triple Diamond, however, did not settle the underlying action.  The damages, fees, and

15  costs were reduced to a judgment that could have been appealed.  Thus, Defendants have

16  shown that the prior adjudication was reduced to a final judgment on the merits.

17          Triple Diamond also argues that an appeal would have been futile.  Triple

18  Diamond contends that "the primary basis for denying leave to amend was prejudice" and

19  that the state court's denial of the motion for leave to amend "would likely have been

20  affirmed on that basis."  Dkt. 39 at 16–17.  That is a fair position, but Triple Diamond

21  could have asked for review and vacation of the futility determination despite the

22  abundance of prejudice.  Absence such a ruling, the Court will respect the state court

judgment.  It is also worth noting that Triple Diamond has failed to allege malpractice for failure to appeal the state court decision.  Based on that fact, the Court must assume that Triple Diamond conceded the merits of the state court judgment.  Therefore, the Court grants Defendants' motion to dismiss Triple Diamond's claim for malpractice based on the failure to assert a claim for future rent.

**C.     Unjust Enrichment**

Unjust enrichment is an equitable theory that "invokes an implied contract when the parties either have no express contract or have abrogated it."  *Dudding v. Norton Frickey & Assocs.*, 11 P.3d 441, 444 (Colo. 2000) (en banc); *see also Young v. Young*, 164 Wn.2d 477, 484 (Wn. 2008) ("Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it.").

In this case, Defendants move to dismiss Triple Diamond's unjust enrichment claim because the parties have an express contract.  Dkt. 35 at 13–17.  Defendants assert that "the parties agree they were in a contractual relationship" and that "a contract exists."  *Id*. at 14–15.  Triple Diamond counters with the allegation that "Tonkon Torp did not provide a written retainer agreement to Triple Diamond for matters related to the Dickinson Lawsuit."  Dkt. 26, ¶ 124.  While this allegation contests the validity of a written contract, it does not contest the validity of any possible express contract between the parties.  In other words, despite Triple Diamond's allegation as to the absence of a written agreement, Triple Diamond asserts multiple times that "Defendants' breached the material terms of the agreement with the Plaintiff."  Dkt. 26, ¶¶ 133, 134.  Triple

1   Diamond implicitly concedes that some agreement existed between the parties.  As such,

2   an unjust enrichment claim is improper.  Therefore, the Court grants Defendants' motion

3   to dismiss this claim.

4           Another issue is Triple Diamond's consolidation of its unjust enrichment claim

5   with its disgorgement claims.  Dkt. 26, ¶¶ 137195.  In Washington, "[t]he general

6   principle that a breach of ethical duties may result in denial or disgorgement of fees is

7   well recognized."  *Eriks v. Denver*, 118 Wn. 2d 451, 462 (1992).  While Triple Diamond

8   may assert disgorgement, it has confused this separate remedy with its unjust enrichment

9   claim.  To the extent that disgorgement is a valid remedy and the real issue is failure to

10  clearly and concisely plead an independent remedy, the Court denies the motion to

11  dismiss the disgorgement allegations.

12  **D.    CPA**

13          To establish a CPA violation the claimant must prove the defendant's act or

14  practice (1) is unfair or deceptive, (2) occurs in the conduct of trade or commerce, (3)

15  affects the public interest, and (4) causes (5) injury to the plaintiff in his or her business

16  or property.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d

17  778, 784-85 (1986).  Acts done "for the purpose of increasing profits or gaining clients"

18  violate the CPA because the acts involve "the entrepreneurial aspects of practice . . . ."

19  *Eriks*, 118 Wn. 2d at 464.

20          In this case, Defendants request that the Court dismiss Triple Diamond's CPA

21  claim because Triple Diamond has failed to sufficiently plead allegations that

22  Defendants' acts affected the public interest.  Dkt. 35 at 18.  Triple Diamond, however,

1   has alleged that Defendants improperly increased their rates, which constitute acts done

2   for the purpose of increasing profits.  Washington law is clear that such acts are covered

3   by the CPA.  Therefore, the Court denies Defendants' motion on this issue.

4   **E.    Remedy**

5            In the event a court finds that dismissal is warranted, the court should grant the

6   plaintiff leave to amend unless amendment would be futile.  *Eminence Capital, LLC v.*

7   *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

8            In this case, the Court is unable to conclude that any amendment is futile.  For

9   example, if Triple Diamond alleges that its attorneys failed to perfect an appeal, then the

10  Court must evaluate whether an appeal would have been successful despite the

11  malpractice.  *See Nielson v. Eisenhower & Carlson*, 100 Wn. App. 584, 592 (2000).[1]

12  Moreover, the unjust enrichment claim, as currently plead with the breach of contract

13  claim, fails as a matter of law.  It is possible, however, to correct this deficiency with

14  additional allegations contesting the validity of any possible agreement between the

15  parties.  The Court is not asserting that Triple Diamond will make such allegations, it

16  only concludes that Triple Diamond should be given the opportunity to correct the

17  identified deficiencies.  Leave to amend will also allow Triple Diamond an opportunity

18  resolve the problem of comingling unjust enrichment with disgorgement.  Therefore, the

19  Court grants Triple Diamond leave to amend the complaint.

20

21  _____

22       [1] It appears that an appeal would have been unsuccessful given the lease failed to
    explicitly address damages of future rents.

ORDER - 9

1

**IV. ORDER**

2        Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 35) is

3   **GRANTED in part** and **DENIED in part** as set forth herein.  Triple Diamond is

4   **GRANTED** leave to file an amended complaint.  The amended complaint shall be filed

5   no later than February 5, 2016.  Failure to file an amended complaint or otherwise

6   respond will result in dismissal of the future rent malpractice claim.

7        Dated this 28th day of January, 2016.

8

9                                           _____

                                            BENJAMIN H. SETTLE
10                                          United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22